State vs. Bolds and Trevenia.

No. 9326.

THE STATE OF LOUISIANA VS. D. BOLDS AND A. TREVENIA.

Where an affidavit for a continuance in a criminal case meets all the requirements of the law, and is made at the same term the indictment is filed, the trial judge cannot refuse the continuance for the reason that he does not believe the accused is swearing to the truth.

There is no legal authority for traversing the averments contained in such affidavit.

If the affidavit swears that the witness is material, it is not required he should swear to his competency.

APPEAL from the Thirteenth District Court Parish of St. Landry. *Hudspeth*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee:

1. In a criminal prosecution, the defense cannot demand a severance as a matter of right. 12 Wharton Cr. P. and P. 309. The ruling of the trial court upon an application for a severance cannot be reviewed by the Supreme Court. 8 Ann. 114.

2. To entitle the defense to an attachment for an absent witness, service of the subpœna must be personal. 15 Ann. 525.

3. A continuance applied for on account of the absence of a witness, will not be granted, when the affidavit fails to set forth that the absent witness is a competent witness, that accused cannot safely go to trial without him, that the witness is subject to the process of the court, or that his evidence is material to the defense of the applicant. All of these are among the essential technical averments, the absence of any one of which vitiates such an affidavit.

4. If a continuance is properly refused, on any one sufficient ground, a new trial will not be ordered because the trial judge assigns other untenable grounds for his rulings. nor because of any incorrect action which did not affect, cure or excuse the defects of the affidavit, on account of which it was proper to refuse the continuance.

*Gie & Perrault* and *Perrodin & DuRoy* for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J.   The defendant, A. Trevanier, appeals from a sentence of twelve months' imprisonment at hard labor for larceny.

The information was filed on the 26th of November, 1884. On the 6th of December, subpœnas were issued for witnesses in behalf of the defendant, which were returned into court on the 15th same month. Among these was one for Abram Richard, upon whom domiciliary service had been made. The case was called for trial on the next day, the 16th, when it was discovered that Richard was absent, whereupon the defendant asked for an attachment for him, which was refused. Upon this refusal, he made immediate application for a continuance, which the trial judge allowed to be traversed and then overruled the motion. To both of which rulings the defendant took bills of exception, and of which he now complains.

State vs. Bolds and Trevenia.

There is no authority whatever for traversing an affidavit for a continuance. The affidavit cannot be contradicted, and must, for the purposes of the motion, be taken as true. 30 Ann. 296.

The motion was overruled for the reasons assigned by the judge in substance, that he did not believe the affidavit and that the defendant did not swear to the competency of the witness.

Whilst there is a large discretion confided to the judge of the first instance, respecting motions of this kind, yet the principle is well settled that that discretion is not to be arbitrarily exercised, and that where there has been no lack of diligence on the part of the accused and where his motion and affidavit is timely and conforms to all the requirements of the law, the judge cannot reject the application, because he does not believe the affidavit is true.

In this case the defendant swore that by the absent witness, who was a resident of St. Landry, but temporarily absent in New Orleans, be expected to prove that he, defendant, was the owner of the animal charged to have been stolen, that it was purchased from the witness by a person named and subsequently sold to him; that he knew of no one else by whom this fact could be shown, and that the testimony could be had by the next term of the court. In short, there was a strict compliance with all the requirements of the law, respecting a motion of this kind. The defendant was not compelled to swear that the witness was competent, it was sufficient that he swore to his materiality. Wharton Cr. Law, V. III secs. 3020, 3021; 1st Chit. Cr. L. 493; Archbold 1 Vol., 569 Notes; Whitley vs. State, 38 Ga. 50; Hyde vs. State, 16 Texas 448. That he was material and competent appears on the face of the affidavit. Wharton Cr. Law, Vol.

It must be noted that this motion to continue was made at the same term of the court that the information was filed, and within a few days after the filing of the same; and that every possible diligence had been shown to procure the attendance of the witness. Under these circumstances we have no hesitation in saying that the judge erred in his ruling, and that, by such ruling, the defendant was greatly prejudiced and deprived of rights that the law clearly accorded him.

It is, therefore, ordered, adjudged and decreed that the sentence appealed from be set aside and annulled, and the case remanded to be proceeded with according to law.